# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD WOOD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br><br><br><br><br><br>WILLIAM B. KOLENDER, San Diego County Sheriff,<br><br>　　　　　Defendant. | CASE NO. 10cv1095-MMA (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**;<br><br>[Doc. No. 11]<br><br>**OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 12]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 1]<br><br>**DENYING CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner James Richard Wood filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1], challenging his conviction for attempting to dissuade a witness in violation of California Penal Code § 136.1(b)(1). Respondent filed an answer to the petition [Doc. No. 8], and Petitioner filed a traverse [Doc. No. 10]. The matter is currently before the Court for review of the Report and Recommendation [Doc. No. 11] prepared by the assigned magistrate judge

recommending that the petition be denied.

Petitioner filed objections [Doc. No. 12] to the Report and Recommendation. Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Due to the broad scope of Petitioner's objections, the Court has conducted a *de novo* review of the entire record. The Court finds the objections to be without merit and comments only briefly upon them below.

Under California law, it is a misdemeanor to "attempt[] to prevent or dissuade another person who has been the victim of a crime or who is witness to a crime from . . . [m]aking any report of that victimization to any peace officer or state or local law enforcement officer . . ." Cal. Pen. Code § 136.1(b)(1). In short, Petitioner reasons that his conviction under this statute cannot stand because his communications with the purported victim were premised on his sincere belief that he had committed no crime. Petitioner contends that cumulative photographic evidence, a "nanny cam" video, and testimony from his prior clients – all excluded by the trial court – would have corroborated his assertion and swayed the jury. However, Petitioner's own personal belief that he lawfully communicated with the purported victim is irrelevant. He may have not had any criminal intent when he contacted her, but he admits that he had the specific intent to do so. The specific intent required by Section 136.1 is the intent to dissuade or prevent a victim or witness from making any report to law enforcement.[1] *People v. Ford* (1983) 145 Cal. App. 3d 985, 989-990; *People v. Lyons* (1991) 235 Cal. App. 3d 1456, 1460-1461; *People v. Brenner* (1992) 5 Cal. App. 4th 335, 339. The email, which Petitioner admits he wrote and admits he sent to the purported victim, was sufficient evidence to support his conviction. Thus, the state appellate court did not contravene federal law; unreasonably apply federal law, or make an unreasonable determination of the facts when it denied Petitioner's due process and ineffective assistance of counsel claims; rejected

---

[1] "'Victim' means any natural person with respect to whom there is reason to believe that any crime as defined under the laws of this state or any other state or of the United States is being or has been perpetrated or attempted to be perpetrated." Cal. Pen. Code § 136(3).

1  Petitioner's attack on the constitutionality of Section 136.1(b)(1); and found that sufficient evidence
2  supported Petitioner's conviction.  *See* 28 U.S.C. § 2254(d).

3        Accordingly, the Court concludes that the magistrate judge issued an accurate report and
4  well-reasoned recommendation that the instant petition be denied.  The Court **ADOPTS** the Report
5  and Recommendation in its entirety and **DENIES** the petition for writ of habeas corpus.

## CERTIFICATE OF APPEALABILITY

7        "The district court must issue or deny a certificate of appealability when it enters a final
8  order adverse to the applicant."  Rule 11 foll. 28 U.S.C. § 2254.  A petitioner may not seek an appeal
9  of a claim arising out of a state court detention unless the petitioner first obtains a certificate of
10 appealability from a district judge or circuit judge under 28 U.S.C. § 2253.  Fed. R. App. Proc.
11 22(b).  Under 28 U.S.C. § 2253(c), a certificate of appealability will issue only if the petitioner
12 makes a substantial showing of the denial of a constitutional right.

13       For the reasons set forth herein, and in detail in the Report and Recommendation, Petitioner
14 has not made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate
15 of appealability should not issue in this action.

16     **IT IS SO ORDERED.**

17 DATED:  September 23, 2011

                                  Hon. Michael M. Anello
                                  United States District Judge